UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.  04-10136-RGL |
| | ) | |
| ESSOKOUSSAM AGBA | ) | |

<u>DEFENDANT'S SENTENCING MEMORANDUM</u>

<u>Introduction</u>

Defendant has pled guilty to a single-count indictment charging him with importing heroin into the United States (21 U.S.C. § 952(a)).  The central facts underlying this drug courier conviction are not disputed.  On March 4, 2004, defendant, a native of Togo, arrived at Logan airport on an Air France flight from Paris.  Defendant was questioned by customs inspectors; the inspectors became suspicious; a subsequent search of defendant's luggage yielded two packages of heroin with a net weight of 1718.4 grams.

Defendant argues that his guideline sentencing range is 37-46 months, calculated under the November 5, 2003 version of the guidelines (those in effect at the time of the offense), as follows:

| | |
|---|---|
| **30** | Base offense level (U.S.S.G. § 2D1.1(a)(3))[1] |
| **-4** | Reduction for minimal role in the offense (U.S.S.G. § 3B1.2(a))[2] |
| **-2** | Safety valve reduction (U.S.S.G. §§ 5C1.2; 2D1.(b)(6)) |
| <u>**-3**</u> | <u>Reduction for acceptance of responsibility (U.S.S.G. § 3E1.1)</u> |
| **21** | Total Offense Level |

---

[1]  The base offense level under U.S.S.G. § 2D1.1 for a case involving between one and three kilograms of heroin is ordinarily 32.  If defendant is awarded a role reduction, however, the offense level is capped at 30 by operation of U.S.S.G. § 2D1.1(a)(3).

[2]  Whether the role reduction applies is, to defendant's knowledge, the sole issue in dispute at defendant's sentencing.  The PSR failed to award a role reduction, and defendant objected.

Defendant is in Criminal History Category I, which, with an offense level of 21, yields a 37-46 month guideline sentencing range.

Defendant recommends that the Court impose a sentence at the low-end of the guideline range, or 37 months. Defendant submits this memorandum in support of that recommendation.

Defendant's background[3]

Defendant is a 46 year old man born in Togo, Africa. He has seven children, whom he was supporting, in Togo. He also has a one year old child, whom he was also supporting, in the United States.

Defendant is from a modest background. His father was a member of the French and then the Togolese military, and then a police officer. Though his family was not wealthy, defendant was able to attain a high level of education. He attended primary and secondary school in Togo. He then attended university in Paris, where he earned a degree in tourism and environmentalism. After graduating, defendant returned to Lomé, Togo, where, in 1983, he began work for Nigeria Airways.

In 1987, defendant began working for Sabena Airlines. He worked for Sabena in Lomé until 1993, when he was transferred to Sabena's office in Burkina Faso. Defendant was transferred to Burkina Faso for his own safety, as he had become an outspoken critic of the Togolese government and a target of its repression. While working for Sabena in Burkina Faso, defendant was instrumental in developing new routes between Togo and Burkina Faso. Defendant worked for Sabena until the airline's bankruptcy in 2001.

---

[3]     The foregoing facts are drawn from the presentence report.

After losing his job with Sabena, defendant tried to earn money by shipping used clothes and cars from the United States for resale in West Africa.

Argument

I. Defendant should receive a 4-level reduction pursuant to U.S.S.G. § 3B1.2(a) for his minimal role in the offense.

    A.    Facts relevant to the role reduction argument.

Defendant submitted a version of offense conduct to the probation department, which places his March 4, 2004 arrest in context. Defendant restates those facts here, as they are pertinent to understanding defendant's relative culpability in this drug importation offense:

> Defendant was recruited as a drug courier in Burkina Faso by an acquaintance who defendant knew only as Charles. Defendant assumes that Charles was a "middleman" who was paid by the heroin supplier to recruit couriers. Defendant dealt strictly with Charles, and never met or negotiated directly with the individual or individuals who supplied the heroin.
>
> Charles told defendant that he would be paid $10,000 to carry one kilogram of heroin. Prior to defendant's trip, Charles delivered to him two suitcases with the heroin already secreted inside. Charles purchased defendant's airplane ticket, provided his itinerary, and drove him to the airport. Defendant was to phone Charles at each step in his journey. Originally, defendant was told that when he arrived at Logan he was to call Charles, who would have someone meet him at the airport to take delivery of the drugs. In the end, Charles was unable to send someone to the airport directly, and told defendant to continue on to Hartford and to call Charles from there.
>
> As things turned out, Charles had secreted 1.8 kilos of heroin in the luggage, rather than the 1 kilogram amount defendant had agreed to carry.

    B.    Argument.

Sections 3B1.1 and 3B1.2 of the federal sentencing guidelines provide mechanisms to enhance or reduce a defendant's offense level on the basis of the defendant's relative culpability. More specifically, under U.S.S.G. § 3B1.2, a court may reduce a defendant's offense level 4

levels if the defendant is considered a "minimal participant in any criminal activity;" 2 levels if the defendant is considered a "minor participant;" or 3 levels for "cases falling [in] between." Defendant argues that he should be viewed as a minimal participant, and that he should therefore be awarded the 4-level reduction in his offense level prescribed by U.S.S.G. § 3B1.2(a).

Judge Gertner's opinion in United States v. Jurado-Lopez, 338 F.Supp.2d 246, 251-52 (D.Mass. 2004) provides useful guidance on the issue of mitigating role reductions in prosecutions involving drug couriers. Like the instant case, Jurado-Lopez involved a heroin mule. To assess the defendant's relative culpability, Judge Gertner, citing First Circuit law, said that a sentencing court should look both to (1) other participants in the offense of conviction, and (2) other persons convicted of comparable crimes. United States v. Jurado-Lopez, 338 F.Supp.2d 246, 251-52 (D.Mass. 2004)(citing United States v. Martinez-Vargas, 321 F.3d 245, 250 (1st Cir. 2003)).

Importantly, under the first approach -- gauging relative culpability among participants in the offense of conviction -- Judge Gertner emphasized that the court is to look to all participants, "whether indicted or not." United States v. Jurado-Lopez, 338 F.Supp.2d at 252 (citing U.S.S.G. § 3B1.1, comment. (n.1)). Thus a court should not consider a drug courier's actions in a vacuum; rather, the court should step back and take into account the entire importation scheme, of which the courier's role is but one part.

Here, defendant should be viewed as less culpable than the individual or individuals who supplied the heroin to Charles, less culpable than Charles (who recruited defendant, bought his tickets, and told him what to do each step along the way), and less culpable than those who were

to pick up the heroin for distribution in the United States.  United States v. Jurado-Lopez, 338 F.Supp.2d at 252.

Addressing the second approach -- gauging a defendant's relative culpability in relation to other persons convicted of comparable crimes -- Judge Gertner emphasized that the court should look to others convicted of drug offenses generally.  See United States v. Jurado-Lopez, 338 F.Supp.2d at 252.  As a drug mule, defendant "is at the bottom of the hierarchy."  Id.  Moreover, should the government argue that this approach would result in an automatic reduction for drug couriers, the Court may consider that defendant had no role in setting up the importation deal, no role in negotiating the price of the heroin, and no say in where or how the heroin would be delivered.  This lack of knowledge and inability to exercise discretion are factors which traditionally support a mitigating role reduction.[4]  Id; see also U.S.S.G. § 3B1.2, comment. (n.4)("under [U.S.S.G. § 3B1.2(a)], the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant").

The probation department rejected defendant's argument that he should be awarded a role reduction on two bases, both of which are demonstrably wrong.

First, the probation department cites a "practice . . . to assign no role reduction when a defendant is being held responsible only for the drugs which he or she personally delivered."

---

[4]    A patent example of defendant's alienation from the inner-workings of the importation enterprise in this case is the fact that, although defendant agreed to carry a single kilogram of heroin, Charles hid almost an additional kilogram in defendant's luggage without defendant's knowledge.  Defendant therefore unwittingly assumed almost twice the risk, without his knowledge and consent, and for no additional payment.  PSR at ¶ 25.

PSR Addendum, at page 2 (emphasis added).  This practice directly contravenes Application Note 3(A) to U.S.S.G. § 3B1.2, which states that a role reduction may be appropriate even though a defendant is only held responsible for drugs that he personally carried:

> A defendant who is accountable under §1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in concerted criminal activity is not precluded from consideration for an adjustment under this guideline. For example, a defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored is not precluded from consideration for an adjustment under this guideline.

U.S.S.G. § 3B1.2, comment. (n.3(A)).  This commentary was added by Amendment 635, effective November 1, 2001, to resolve a circuit conflict on the issue.  See U.S.S.G. App. C, amend. 635.  In adopting the Application note, the Sentencing Commission stated:

> The substantive impact of this amendment in resolving the circuit conflict is to provide, in the context of a drug courier, for example, that the court is not precluded from considering a § 3B1.2 adjustment simply because the defendant's role in the offense was limited to transporting or storing drugs, and the defendant was accountable under § 1B1.3 only for the quantity of drugs the defendant personally transported or stored.

Id.  The probation department's current practice, through perhaps defensible prior to the 2001 amendment, is now an incorrect application of law.

Second, the probation department maintains that "there is not enough information to assess the defendant's role in any conspiracy that may have existed." PSR Addendum at 2.  To the contrary, defendant's version of offense conduct provides more than sufficient information to place defendant's arrest at Logan on March 4, 2004 in context and establish a basis for a mitigating role reduction.  The probation department's approach, which ignores the larger picture, would render superfluous Application Note 1 to U.S.S.G. § 3B1.1, which defines a

-6-

"participant" as one who is criminally responsible for the commission of the offense, <u>but need not have been convicted</u>" (emphasis added).  <u>See</u> <u>United States v. Jurado-Lopez</u>, 338 F.Supp.2d at 252.  More ominously, under the probation department's approach -- which ignores or discounts the defendant's version of the offense -- a drug courier would be eligible for a role reduction only when that courier cooperates successfully for the government, leading to further arrests and thus more demonstrable facts concerning the broader contours of an importation scheme.

It is true that the reduction for "minimal participant" is to be used sparingly.  <u>See</u> U.S.S.G. § 3B1.2, Application Note 4.  Defendant submits that the reduction is appropriate in this case.  If this Court disagrees, then perhaps the question is one of degree.  Defendant submits that, as a courier, he is less culpable than the supplier of the heroin or those who arranged to purchase and distribute it.  At a minimum, then, defendant meets the requirement for a 2-level reduction as a "minor participant," or a 3-level reduction applicable to cases "in between."

<u>Conclusion</u>

For the foregoing reasons, this Court should find that defendant was a minimal participant, that his adjusted offense level is 21, and that his guideline sentencing range is 37-46 months.  The Court should impose a sentence at the low-end of that range, or 37 months.

                                        ESSOKOUSSAM AGBA
                                        By his attorney,

                                        <u>/s/ J. Martin Richey</u>
                                        J. Martin Richey
                                          B.B.O. # 559902
                                        Federal Defender Office
                                        408 Atlantic Ave., 3rd. floor
                                        Boston, MA  02210
                                        Tel: 617-223-8061

March 22, 2005