```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )    Criminal No.
                               )    04-10136-RCL
        v.                     )
                               )
ESSOKOUSSAN AGBA,              )
                               )
```

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully submits this Sentencing Memorandum relating to the sentencing of the above-referenced defendant. Sentencing is currently scheduled for May 25, 2005.

### STATEMENT OF THE CASE

1.  The Charges

The defendant, Essokoussam Agba ("Agba"), has been charged with one count of importation of a controlled substance, heroin, in violation of 21 U.S.C. § 952(a) and 960(a)(1). Under the statute, Agba faces a maximum penalty of life imprisonment, a $4,000,000 fine, a 5 year period of supervised release, and a $100 special assessment. Because Agba imported over one kilogram of heroin, he also faces a minimum mandatory sentence of ten years.

Agba pled guilty, pursuant to a plea agreement, on January 11, 2005.

2.   Statement of Facts

   The facts leading up to the guilty plea, and, as agreed to by Agba, are that on March 4, 2004, Agba boarded Flight No. 322 in France and flew directly to Logan International Airport, Boston, MA (PSR ¶ 14).  Upon arrival, he indicated to ICE Inspectors that he was in the United States to visit his son (PSR ¶ 2).  During the ensuing conversation, Agba stated that he was meeting his son in Hartford, but had no idea how he was getting there.  (PSR ¶ 15).

   Agba also admitted that he was the owner of his bags and their contents, and that he packed the bags himself.  (PSR ¶ 17) A search of one of his carry on bags - a briefcase - showed that two packages were taped into the lining of the briefcase (PSR ¶ 18).  Inspectors then searched his remaining luggage, and found another taped package inside the lining of a small purse that was contained in one of his checked-in bags (PSR ¶ 19).

   All three packages were subsequently tested by chemists at the DEA laboratory, and found to contained approximately 1,828 grams of heroin.  (PSR ¶¶ 20, 32).

3.   The PreSentence Report

   Probation determined that Agba has a base offense level of 32, based upon his importing more than 1 kilogram, but less than 3 kilograms of heroin.  After deducting three points for acceptance of responsibility, and crediting Agba with a two-level

safety valve reduction, it determined that Agba had an adjusted offense level of 27. At criminal history category I, probation concluded that Agba is facing a period of 70 to 87 months imprisonment, a period of supervised release from 3 to 5 years, a fine ranging from $12,500 to $4,000,000 and a $100 special assessment.

2.   The Government's Position

The government agrees with the calculations as set forth by Probation. The government also represents that Agba is entitled to the safety valve adjustment. Because of this, under the Guidelines, and as suggested by Probation, Agba is at an adjusted offense level of 27, with a Criminal History Category of I.

The only disputed issue in this case is one of role. Agba contends that he is entitled to a four level role reduction, based upon his allegation that he was a "minimal" participant in the crime. For the reasons set forth below, the government contends that Agba is not entitled to a role adjustment and that his adjusted offense level remains at 27.[1]

---

[1] Should the court determine that Agba is entitled to a role adjustment, the government recognizes that Agba's base offense level would be capped at 30 (based upon the 2003 version of the Guidelines), and that he would be entitled to a three level adjustment for role, a two level reduction for safety valve and whatever reduction the Court deemed appropriate for the role.

3.  <u>Agba Is Not Entitled To A Role Adjustment</u>

As pointed out by Probation, Agba is not entitled to a role adjustment. In this case, Agba was charged with a single crime: importation of a controlled substance. For this crime, Agba was the one and only participant and cannot be deemed to be a minor (or as Agba urges, a minimal participant). For that reason alone, this case differs from <u>United States v. Jurado-Lopez</u>, 338 F.Supp. 242 (D. Mass. 2004). It is the defendant's burden to establish that other participants were involved, and that the adjustment applies. <u>See</u>, <u>United Sttes v. Isaza-Zapata</u>, 148 F.3d 236 (3rd Cir. 1998).

In <u>Jurado-Lopez</u>, the defendant was charged with a conspiracy that included at least another similarly situated defendant and other uncharged coconspirators. The respective roles of most of the individuals were established, partly by the statements of at least two of the defendants, and partly by other individuals.

In contrast, there is no evidence whatsoever in this case that Agba was just a minor player in a far reaching conspiracy. Even when considering Agba's self serving statements as true, his version does not require a finding that he is entitled to a role reduction. First, Agba stated that he specifically agreed with an individual whom he knew only as "Charles" that he would carry over to the United States one kilogram of heroin; in fact, he carried over 1. 8 kilograms. Charles gave him no additional

instruction other than to call him when he arrived in Boston. According to Agba, Charles later told him instead to travel to Hartford. Based upon the facts before the Court, therefore, the only participants in the scheme were "Charles" and Agba, and Agba's role is just as important, if not more so, than Charles'. As between the two of them, he was essential to the successful completion of the scheme since it was through him that the heroin could enter the country.

For this reason, Agba is not entitled to a role reduction.

4.  Government's Recommendation

Assuming the court does not find a role reduction is appropriate, the government recommends that Agba be found to have an adjusted guideline range of 27 (32 less 3 for acceptance, and 2 for safety valve). The government further recommends that Agba be sentenced to a period of imprisonment within the Guideline range (70-87 months), no fine due to his apparent inability to pay a fine, a period of supervised release of 3 years and a special assessment of $100.

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                            By:   /s/ Susan M. Poswistilo
                                  SUSAN M. POSWISTILO
                                  Assistant U.S. Attorney